IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1)    CHANELLE SATTERFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: CIV-17-1263-W |
| | ) | (*formerly Garfield County District* |
| 1)    GOVERNMENT EMPLOYEES INSURANCE COMPANY, a foreign corporation, | ) ) ) | *Court Case No.: CJ-2016-140-01*) |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, Government Employees Insurance Company ("GEICO"), hereby removes the state court action, *Chanelle Satterfield v. Government Employees Insurance Company,* Case No. CJ-2016-140-01, from the District Court in and for Garfield County, State of Oklahoma, to this Court. Pursuant to LCvR 81.2, a copy of the state court docket sheet, as well as all documents filed or served in the state court action, are attached hereto as **EXHIBITS 1-13**.

The basis for this removal is that complete diversity exists and the amount in controversy exceeds the jurisdictional amount required by 28 U.S.C. § 1332. Additionally, one year has not passed since the commencement of the instant action because GEICO was substituted as the sole defendant in this action on July 18, 2017. Alternatively, if the Court concludes that more than one year has passed since the commencement of this action, Plaintiff has acted in bad faith in order to prevent GEICO from removing the action. Thus,

GEICO can properly remove this action to federal court pursuant to 28 U.S.C. § 1446(c)(1). In further support, GEICO offers the Court the following:

### PERTINENT PROCEDURAL BACKGROUND

1. This action arises out of an automobile accident between Plaintiff and the former Defendant in this litigation, Kailee Taylor ("Taylor"), which occurred on July 24, 2014 (hereinafter the "Accident"). (*See* Plaintiff's Second Amended Petition, **EXHIBIT 12**, at ¶ 7.)

2. At the time of the Accident, Plaintiff had a policy of insurance in effect with GEICO with a UM/UIM combined single limit of $300,000. (*See* GEICO's Declarations Page, **EXHIBIT 14**.)

3. At the time of the Accident, Taylor had a policy of automobile liability insurance in effect with State Farm, with bodily injury liability limits of $100,000.

4. On or about July 13, 2015, Plaintiff's attorney notified GEICO that Plaintiff may be making a UIM claim. (*See* July 13, 2015, Letter from R. Wagner to GEICO, **EXHIBIT 15**.)

5. On or about May 17, 2016, GEICO notified Plaintiff's counsel that it had evaluated Plaintiff's claim within Taylor's liability policy limits. (*See* May 17, 2016, Letter from GEICO to R. Wagner, **EXHIBIT 16**.)

6. On June 22, 2016—*after* GEICO's denial of Plaintiff's claim—Plaintiff filed suit solely against Taylor in the District Court of Garfield County, State of Oklahoma (Case

No. CJ-2016-140-01) (hereinafter referred to as Plaintiff's "First Lawsuit"). (*See* Plaintiff's Petition, **EXHIBIT 2**.)

7. The only allegations contained in the Petition filed in Plaintiff's First Lawsuit related to the alleged negligence of Taylor and the alleged damages resulting therefrom. (*See generally* Plaintiff's Petition, **EXHIBIT 2**.)

8. GEICO was not named as a Defendant in the First Lawsuit even though GEICO had already informed Plaintiff that it had evaluated Plaintiff's claim within Taylor's liability limits. (*See* Plaintiff's Petition, **EXHIBIT 2**.)

9. After the filing of Taylor's Answer to Plaintiff's original Petition, no other filings were submitted in state court prior to June 16, 2017. (*See* Docket Sheet, **EXHIBIT 1**.)

10. Neither of the parties to the First Lawsuit moved for or obtained a Scheduling Order. (*See* Docket Sheet, **EXHIBIT 1**.)

11. On June 16, 2017, Plaintiff filed an unopposed Motion to Join Additional Party and Amend Petition (hereinafter referred to as Plaintiff's "Motion to Amend"). (*See* Plaintiff's Motion to Amend, **EXHIBIT 7**.)

12. In Plaintiff's Motion to Amend, she stated that she and Taylor had "settled all issues with each other." Plaintiff also alleged that GEICO was a necessary party to the First Lawsuit. (*See* Plaintiff's Motion to Amend, **EXHIBIT 7**.)

13. On June 21, 2017, the District Court in and for Garfield County, State of Oklahoma, granted Plaintiff's Motion to Amend. (*See* Order Granting Plaintiff's Motion to Amend, **EXHIBIT 8**.)

14. On the same day, Plaintiff filed a Dismissal with Prejudice of her claims against Taylor. (*See* Plaintiff's Dismissal with Prejudice, **EXHIBIT 9**; *see also* Docket Sheet, **EXHIBIT 1**.)

15. From June 21, 2017, until July 18, 2017, there were no claims pending before the state court in connection with the First Lawsuit, and no defendants were named therein. (*See* Plaintiff's Dismissal with Prejudice, **EXHIBIT 9**; *see also* Docket Sheet, **EXHIBIT 1**.)

16. On July 18, 2017, Plaintiff filed her First Amended Petition naming GEICO as the sole defendant (hereinafter referred to as Plaintiff's "Second Lawsuit"). (*See* Plaintiff's First Amended Petition, **EXHIBIT 10**.)

17. Plaintiff's claims in her Second Lawsuit consist of breach of contract and bad faith claims against GEICO. The Second Lawsuit also seeks a declaratory judgment on the question of whether Plaintiff's UM/UIM policy stacks for a total amount of coverage of $1,200,000. (*See* Plaintiff's First Amended Petition, **EXHIBIT 10**.)

18. Upon information and belief, the First Amended Petition was never served on GEICO.

19. On October 23, 2017, Plaintiff filed a Second Amended Petition, once again naming GEICO as the sole Defendant. Plaintiff's Second Amended Petition similarly alleges breach of contract and bad faith claims against GEICO. (*See* Plaintiff's Second Amended Petition, **EXHIBIT 12**.)

20. On October 27, 2017, Plaintiff served her Second Amended Petition on GEICO *via* certified mail. (*See* Certified Mail Receipt, **EXHIBIT 13**; *see also* Docket Sheet, **EXHIBIT 1**.)

## THE AMOUNT IN CONTROVERSY

21. The Tenth Circuit has explained that "[t]he right of removal depends upon the case disclosed by the pleadings when the petition therefore is filed." *Woerter v. Orr*, 127 F.2d 969, 973 (10th Cir. 1942).

22. As disclosed by the pleadings, Plaintiff claims she is entitled to receive a total amount of $1,200,000 in stacked UIM policy benefits, as well as actual and punitive damages connected to GEICO's alleged bad faith. (*See* Plaintiff's Second Amended Petition, **EXHIBIT 12**.)

23. Plaintiff's Second Amended Petition states that she seeks judgment against GEICO "in an amount that would exceed the amount required for diversity jurisdiction and any and all further relief that she may be entitled to in law and equity." (*See* Plaintiff's Second Amended Petition, **EXHIBIT 12**.)

24. Based on the foregoing, the amount in controversy requirement of 28 U.S.C. § 1332 is satisfied in the instant case.

## THE CITIZENSHIP OF THE PARTIES

25. According to Plaintiff's First Amended Petition, Plaintiff was a resident of Warren County, Virginia, when her lawsuit against GEICO was filed. (*See* Plaintiff's First

Amended Petition, ¶ 2, **EXHIBIT 10.**) Upon information and belief, Plaintiff continues to be a resident of Warren County, Virginia.

26. For purposes of diversity jurisdiction, a corporation shall be deemed a citizen of any state by which it has been incorporated and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c). While Congress did not define "principal place of business," the Supreme Court has held that a corporation's principal place of business is presumed to be the place of the corporation's headquarters or "nerve center." *Hertz Corp. v. Friend*, 599 U.S. 77, 81-82 (2010).

27. GEICO is incorporated under the laws of the State of Maryland and maintains its principal place of business in Chevy Chase, Maryland. (*See* Printout from Maryland Secretary of State Website, **EXHIBIT 17**.) Therefore, for purposes of diversity jurisdiction, GEICO is deemed to be a citizen of Maryland.

28. Because Plaintiff is a citizen of Virginia and GEICO is a citizen of Maryland, complete diversity of citizenship exists between the parties in accordance with 28 U.S.C. § 1332.

## **GEICO'S REMOVAL IS TIMELY AND PROPER**

29. GEICO's removal of this case is proper under 28 U.S.C. § 1446. This statute provides, in pertinent part, as follows:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . .

28 U.S.C. § 1446(b)(1).

30. This Notice of Removal is timely filed with the Court. On or about October 27, 2017, Plaintiff, pursuant to 36 O.S. § 621(B), served a copy of the Summons and Second Amended Petition on GEICO through the Oklahoma Insurance Commissioner. (*See* Docket Sheet, **EXHIBIT 1**; *see also* Plaintiff's Certified Mail Receipt, **EXHIBIT 13**, *and* Transmittal Letter from the Oklahoma Insurance Commissioner dated October 30, 2017, **EXHIBIT 18**.)

31. Based on the record above, 30 days have not elapsed from the date GEICO was served with Plaintiff's Second Amended Petition. Therefore, this removal is timely and compliant with the 30-day limitation embodied in 28 U.S.C. § 1446(b)(1).

32. Additionally, pursuant to the same federal statute, one year has not elapsed since the commencement of this action. Under 28 U.S.C. § 1446(c)(1), a diversity jurisdiction case cannot be removed "more than 1 year after commencement of the action."

33. In removal cases, "[t]he date of commencement is determined by State law." *Jordan v. Lowery*, No. CIV–13–183–RAW, 2013 WL 3479655 *1, *1 (E.D. Okla. July 10, 2013) (citing *Richfield Hospitality Inc. v. Charter One Hotels & Resorts, Inc.*, 978 F.Supp.2d 1194 (D. Colo. 2013)).

34. Under Oklahoma law, the dismissal of all defendants from an action, followed by the filing of an amended petition, constitutes a new lawsuit. In *Wiley Electric, Inc. v. Brantley*, 1988 OK 80, ¶ 13, 760 P.2d 182, 186, the Oklahoma Supreme Court noted that "[o]nce a voluntary dismissal has been entered, the trial court is without further jurisdiction in the case." Indeed, "[o]nce an action has been dismissed, no jurisdiction remains in [the] district court to go forward with the action." *General Motors Acceptance Corp. v.*

*Carpenter*, 1978 OK 39, ¶ 8, 576 P.2d 1166, 1168.  In *Wiley*, the court found that "when the case was dismissed, there was no petition pending which would be subject to amendment." *Elliott v. McCaleb*, 2006 OK CIV APP 87, ¶ 10, 139 P.3d 253, 256.

35. In *Thrasher v. Windsor Quality Food Company*, No. 13–CV–780–GKF–PJC, 2014 WL 1572411 *1 (N.D. Okla. April 18, 2014), the United States District Court for the Northern District of Oklahoma addressed the running of 28 U.S.C. § 1446(c)(1)'s one-year period for on removal.  In *Thrasher*, the plaintiff filed his original lawsuit in 2008 and dismissed it without prejudice on January 19, 2012.  *Id.* at * 1.  He then re-filed his lawsuit on January 18, 2013, thus complying with Oklahoma's savings statute.  *Id.* at *1-2.  When the defendants filed a notice of removal, the plaintiff filed a motion to remand, arguing that § 1446(c)(1)'s one-year removal period began in 2008 when the original action was filed.  *Id.* at *2.  The district court denied the plaintiff's motion to remand.  *Id.* at *4.  Relying on the Oklahoma Supreme Court's opinion in *Wiley*, the district court ruled that "[o]nce a case is dismissed without prejudice, any re-filed action is considered a separate new action rather than a continuation of the previous lawsuit."  *Id.* at *2.

36. The *Thrasher* court also relied on *Beebe v. Flores*, No. CIV–11–1381–HE, 2012 WL 112330, *1 (W.D. Okla. Jan. 12, 2012).  In *Beebe*, the United States District Court for the Western District of Oklahoma noted that "courts which have addressed this issue uniformly agree than when an action is dismissed without prejudice—even when voluntarily so by the plaintiff—and subsequently re-filed, a new 'action' is commenced for purposes of

8

removal. . . . Thus, the court analyzes the timeliness of removal from the perspective of the second petition." *Id.* at *1.

37. In accordance with the Oklahoma Supreme Court's opinions in *Wiley* and *Carpenter*, the filing of a voluntary dismissal operates to terminate the state court's jurisdiction. Relying on *Wiley*, the Oklahoma Court of Civil Appeals has recognized that a voluntary dismissal results in "no petition pending which would be subject to amendment." *Elliott*, 2006 OK CIV APP 87 at ¶ 10.

38. Plaintiff's First Lawsuit against Taylor ended on June 21, 2017, when she dismissed Taylor—the sole defendant—with prejudice. (*See* Plaintiff's Dismissal with Prejudice, **EXHIBIT 9**; *see also* Docket Sheet, **EXHIBIT 1**.) Such action represents the formal conclusion of her claims against the sole defendant at that time, and under *Wiley* and *Elliott*, the District Court in and for Garfield County, State of Oklahoma, was without jurisdiction over the First Lawsuit after June 21, 2017.

39. After the dismissal of the sole defendant from Plaintiff's First Lawsuit, there were no claims pending before the state court from June 21, 2017, until July 18, 2017. During this period, no petition was operative as against *any defendant*, and no person or entity was even *named* as a defendant. (*See* Plaintiff's Dismissal with Prejudice, **EXHIBIT 9**; *see also* Docket Sheet, **EXHIBIT 1**.)

40. Additionally, federal courts have recognized that a substantial change in the character of the litigation can reset the time limitations on a defendant's right to remove. *See e.g. Pierce v. Atlantic Specialty Ins. Co.*, No. 16-829 JAP/KBM, 2017 WL 3190742 *1, *11

(D.N.M. July 26, 2017) (noting that an amended complaint which "changes the character of the litigation so as to make it substantially a new suit" will "revive the period for removal"); *First Nat. Bank & Trust Co. v. Nicholas*, 768 F.Supp. 788, 791 (D. Kan. 1991) (same); *Braud v. Transport Serv. Co.*, 445 F.3d 801, 806 (5th Cir. 2006) ("[A]lthough 'an amendment of the complaint will not revive the period for removal if a state court case previously was removable but the defendant failed to exercise his right to do so,' a different result is generally reached if the pleading amendment . . . 'changes the character of the litigation so as to make it substantially a new suit.'" (quoting 14C CHARLES ALEN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3732 (3d ed. 1998))).

41. The record above demonstrates that when Plaintiff filed her First Amended Petition, which named GEICO as the sole defendant and asserted completely differently claims than those asserted in the First Lawsuit, she filed a completely different Second Lawsuit. (*See* Plaintiff's First Amended Petition, **EXHIBIT 10**.) The claims alleged in the Second Lawsuit are wholly distinct from those asserted in the First Lawsuit. Therefore, in accordance with *Thrasher*, § 1446(c)(1)'s one-year period for removal *of the Second Lawsuit* did not begin until Plaintiff's First Amended Petition was filed, or July 18, 2017. (*See* Plaintiff's First Amended Petition, **EXHIBIT 10**.)

42. Since the one-year period for removal has not expired, this removal is timely under 28 U.S.C. § 1446(c)(1).

43. Alternatively, if the Court concludes that Plaintiff's First Amended Petition does not constitute a completely new action for purposes of removal, then the bad faith exception to 28 U.S.C. § 1446(c)(1) is applicable to this case.

44. Under § 1446(c)(1), the one-year limitation on removal does not apply if "the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."

45. In this case, Plaintiff filed her original Petition on June 22, 2016, and named Taylor as the sole defendant. (*See* Plaintiff's Petition, **EXHIBIT 2**.) The state court docket sheet demonstrates that after Taylor answered Plaintiff's Petition on September 20, 2016, no further filings were submitted in state court until June 16, 2017. (*See* Docket Sheet, **EXHIBIT 1**.) Moreover, Plaintiff never sought a Scheduling Order, and the District Court in and for Garfield County, State of Oklahoma, never entered a Scheduling Order or placed the case on its jury or non-jury docket. (*See* Docket Sheet, **EXHIBIT 1**.)

46. On June 16, 2017—1 year and 26 days after filing her original Petition—Plaintiff filed her Motion to Amend. (*See* Plaintiff's Motion to Amend, **EXHIBIT 7**.) Plaintiff's Motion to Amend stated that she had settled all of her claims against Taylor and that GEICO was a "necessary party to the action." (*See* Plaintiff's Motion to Amend, **EXHIBIT 7**.)

47. Plaintiff's First Amended Petition naming GEICO as the sole defendant was then filed July 18, 2017. (*See* Plaintiff's First Amended Petition, **EXHIBIT 10**.)

11

48. Although Plaintiff was aware of GEICO's denial of her underinsured motorist claim on May 17, 2016, she did not name GEICO in her original Petition against Taylor. Instead, **she waited an additional 14 months before naming GEICO as a defendant in this case**. This occurred on July 18, 2017, which was shortly after the expiration of the one-year period for removal. (*See* May 17, 2016, Letter from GEICO to R. Wagner, **EXHIBIT 16**; *see also* Docket Sheet, **EXHIBIT 1**.)

49. The record above demonstrates that Plaintiff purposely failed to add GEICO as a defendant in this matter until after the expiration of the one year period for removal. The sole reason for Plaintiff's delay in adding GEICO to this litigation was to prevent GEICO from removing this case to federal court. Therefore, the bad faith exception to the one-year removal period applies to the instant matter, making this removal timely under 28 U.S.C. § 1446(c)(1).

50. This case has been removed to the proper federal district court. The pertinent language of 28 U.S.C. § 1446(a) provides that the defendant shall file the Notice of Removal in "the District Court of the United States for the district and division within which such action is pending." 28 U.S.C. § 1446(a). Currently, this action is pending in the District Court in and for Garfield County, State of Oklahoma. The Western District of Oklahoma includes Garfield County. *See* 28 U.S.C. § 116(c). Therefore, removal to this Court is proper.

51. Pursuant to 28 U.S.C. § 1446(d), GEICO will serve written notice of the filing of this Notice of Removal upon Plaintiff. GEICO will also promptly file a copy of the Notice

of Removal with the Clerk of the District Court in and for Garfield County, State of Oklahoma.

Respectfully submitted,

s/ Jace T. White
Gerard F. Pignato, OBA No. 11473
Jace T. White, OBA No. 32892
PIGNATO, COOPER, KOLKER & ROBERSON, P.C.
Robinson Renaissance Building
119 North Robinson Avenue, 11th Floor
Oklahoma City, Oklahoma 73102
Telephone:   405-606-3333
Facsimile:    405-606-3334
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2017, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Rick Bisher, Esquire
Riley Bisher, Esquire

                                        s/ Jace T. White
                                        For the Firm

I hereby certify that on November 22, 2017, I served the same document by U.S. Mail to the following, who are not registered participants in the ECF System:

Janelle M. Sharp, Court Clerk        *VIA U.S. MAIL*
Garfield County Courthouse
114 West Broadway Avenue
Enid, Oklahoma 73701

                                        s/ Jace T. White
                                        For the Firm