CLERKS OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
10/5/18
JULIA C. DUDLEY, CLERK
BY: s/ K. DOTSON
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| Chanelle Satterfield,<br>    Plaintiff, | )<br>)<br>) Civil Action No. 5:18-cv-00024<br>) |
| v. | ) REPORT & RECOMMENDATION<br>) |
| Government Employees Insurance<br>Company,<br>    Defendant. | )<br>) By:  Joel C. Hoppe<br>)     United States Magistrate Judge<br>) |

I. Procedural History

In this action, Plaintiff Chanelle Satterfield seeks damages for injuries she allegedly sustained in a motor vehicle accident in Oklahoma. On January 26, 2018, the United States District Court for the Western District of Oklahoma transferred the case to this Court after finding that it did not have personal jurisdiction over Defendant Government Employees Insurance Company ("GEICO") and that venue in that judicial district was improper. Order 17, ECF No. 15.

On May 8, 2018, the presiding District Judge entered a Scheduling Order. ECF No. 18. Making a special limited appearance, GEICO moved to vacate the Scheduling Order, arguing that Satterfield had not served it with a summons issued by the United States District Court for the Western District of Virginia; thus, this Court had not obtained personal jurisdiction over GEICO. *See Harding v. Williams Prop. Co.*, No. 96-2713, 1998 U.S. App. LEXIS 21269, at *13 (4th Cir. Aug. 31, 1998) ("[P]reviously unperfected personal jurisdiction does not attach in a transferee district court until a summons issued by that court is properly served."). On June 26, 2018, the undersigned Magistrate Judge held a hearing on GEICO's motion. GEICO appeared by counsel, and Satterfield appeared pro se by telephone. In an Order entered the following day, the undersigned Magistrate Judge vacated the Scheduling Order, extended the time for Satterfield to

serve GEICO, and directed Satterfield to "effect service of process on GEICO within the next sixty (60) days." ECF No. 26. More than sixty days passed, and Satterfield did not serve process on GEICO. On September 6, 2018, the Court issued an Order directing that within fourteen days Satterfield "show good cause for her failure to effect timely service upon GEICO." ECF No. 29. The Court cautioned Satterfield that if she did not respond to the Order, her failure to respond "may result in dismissal of this action without further notice." *Id.* To date, Satterfield has neither shown that she served process upon GEICO nor responded to the Order to show cause.

## II. Analysis

Rule 4 of the Federal Rules of Civil Procedure provides, "[a] summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c).

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

This case was transferred from the Western District of Oklahoma to this Court on January 26, 2018. Whether the date of transfer or the date the complaint was removed from state court to the federal district court in Oklahoma operates as the date the Complaint was filed, by the time GEICO moved to vacate the Scheduling Order, Satterfield had exceeded the time allowed for serving the summons under either scenario. *See Harding*, 1998 U.S. App. LEXIS 21269, at *14–16 (finding that the time for serving a summons began to run upon filing the complaint in the transferring court, but suggesting that the transferee court would abuse its discretion in not extending the time for service following transfer). On June 27, 2018, the Court allowed

2

Satterfield an additional sixty days to serve GEICO, which she did not do. The Court then issued a show cause order requiring Satterfield to explain her failure to serve GEICO. The Order notified Satterfield that her case may be dismissed without further notice if she did not respond to the Order. Nonetheless, Satterfield did not respond. This case has been pending in this Court for eight months. Despite one extension of time and an order cautioning Satterfield that her case could be dismissed, Satterfield has not served GEICO with a summons. Thus, I am compelled to recommend that this case be dismissed without prejudice for failure to effect service within the time allowed under Rule 4(m).

### III. Conclusion

For the foregoing reasons, I respectfully recommend that the presiding District Judge dismiss this action without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, for Plaintiff's failure to effect service on GEICO.

### **Notice to Parties**

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14 day period, the Clerk is directed to transmit the record in this matter to the Honorable Michael F. Urbanski, Chief United States District Judge.

3

The Clerk shall send copies of this Report and Recommendation to all counsel of record.

ENTERED: October 5, 2018

*/s/ Joel C. Hoppe*

Joel C. Hoppe
United States Magistrate Judge